**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WELLS FARGO BANK, N.A.,**

                  Plaintiff,

-vs-                                      Case No.  6:11-cv-1746-Orl-28GJK

**IRAIDA PINEIRO GOEPP, FRANCIS E. PINEIRO GARCIA, ROBERT C. GOEPP,** individually and as Power of Attorney for Iraida Pineiro Goepp, **MYRA GOEPP,** as Power of Attorney for Iraida Pineiro Goepp, **HEIDI M. GOEPP-SCHURMAN,** as Power of Attorney for Iraida Pineiro Goepp, and **JULIA G. BENKOSKI,** as Attorney Ad Litem for Iraida Pineiro Goepp, **DONALD F. CARNES,** as Guardian Ad Litem for Iraida Pineiro, and **FELIPE BRAVO-GARCIA,**

                  Defendants.
_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

    This cause came on for consideration, without oral argument, on the following motions:

| | |
|---|---|
| **MOTION:** | **WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT ON AMENDED COMPLAINT FOR INTERPLEADER, STATEMENT OF UNDISPUTABLE FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (Doc. No. 19)** |
| **FILED:** | March 1, 2012 |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:** **WELLS FARGO BANK, N.A.'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES IN CONNECTION WITH MOTION FOR SUMMARY JUDGMENT ON AMENDED COMPLAINT (Doc. No. 64)**
>
> **FILED:** July 6, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

I.  **BACKGROUND.**

On February 20, 2012, pursuant to 28 U.S.C. § 1335, Wells Fargo Bank, N.A. ("WFB") filed an amended complaint for interpleader (the "Complaint") against Iraida Pineiro Goepp ("Iraida Pinero"), also known as Iraida Pineiro Garcia, Francis E. Pineiro Garcia ("Francis Pineiro"), Robert C. Goepp, individually and as Power of Attorney for Iraida Pineiro, Myra Goepp, as Power of Attorney for Iraida Pineiro, Heidi M. Goepp-Schurman, as Power of Attorney for Iraida Pineiro, Julia Benkoski, as Attorney Ad Litem for Iraida Pineiro, Donald F. Carnes, as Guardian Ad Litem for Iraida Pineiro, and Felipe Bravo-Garcia (collectively, the "Claimants"). Doc. No. 11.

According to the Complaint, on or about May 23, 2011, a check in the amount of $506,662.28 (the "Check") was issued by Premier Bank of Puerto Rico to Iraida Pineiro, Francis Pineiro, and Robert Goepp. Doc. No. 11 at ¶ 14. On July 1, 2011, the Check was deposited into a joint account at WFB held in the names of Iraida Pineiro, Francis Pineiro, and Robert Goepp. *Id*. at ¶ 15. On July 8, 2011, Francis Pineiro allegedly made a counter-withdrawal in Melbourne, Florida from the joint account in the amount $251,000.00. *Id*. at ¶ 16. On that same day, WFB alleges that Francis Pineiro deposited the withdrawal proceeds into two individual accounts at

WFB held in the name of Francis Pineiro. Doc. No. 11 at ¶ 16. The joint account and Francis Pineiro's individual account are each governed by a Deposit Agreement and Disclosures for Personal Accounts (the "Deposit Agreement"), which is attached to the Complaint. Doc. Nos. 11 at ¶ 18; 11-2.

WFB maintains that there is currently a dispute between each of the Claimants as to some or all of the proceeds of the Check. Doc. No. 11 at ¶ 19. Pursuant to the Deposit Agreement, WFB states that it has frozen both accounts pending a determination as to who is entitled to the proceeds of the Check. *Id*. at ¶ 20. WFB claims no interest in the proceeds of the Check other than to its reasonable attorneys' fees and costs as set forth in the Deposit Agreement. Doc. Nos. 11 at ¶¶ 24-25; 11-2 at 12 ¶ 26.[1]

On March 1, 2012, WFB filed a Motion for Summary Judgment (the "Motion"). Doc. No. 19. In the Motion, WFB states that it is a disinterested stakeholder claiming no beneficial interest in the proceeds of the Check, which are currently being held in restraint by WFB. Doc. No. 19 at 2. WFB states that the facts alleged in the Complaint are indisputable and it is indifferent as to the Claimants' respective claims to the proceeds. Doc. No. 19 at 2-3. WFB maintains that pursuant to the Deposit Agreement, it is entitled to an award of $10,150.50 in reasonable attorneys' fees and $585.00 in costs. Doc. No. 19 at 3. Based on the forgoing, WFB requests that the Court enter an order as follows:

1) Permitting WFB to deposit $495,926.78 into the registry of the Court - - representing the proceeds of the Check ($506,662.28) <u>less</u> WFB's reasonable attorneys fees and costs

---

[1] In the Complaint, WFB also states that there is presently a guardianship proceeding pending in Travis County, Texas, Case No: C-1-PB-11-001181, *Guardianship of Iraida Pineiro Goepp, an Incapacitated Adult*. Doc. No. 11 at ¶¶ 9-11.

>   ($10,735.50);
>
> 2) Requiring the Claimants to plead and litigate their respective rights to the balance of the proceeds;
>
> 3) Discharging WFB and/or its agents from any and all liability, and restraining the Claimants from instituting any proceeding or continuing any action against WFB and/or its agents concerning the Check, the proceeds, or the accounts; and
>
> 4) Dismissing WFB with prejudice.

Doc. No. 19 at 7. Thus, WFB requests that the Court permit it to deduct its reasonable attorneys' fees and costs prior to depositing the proceeds into the Court's registry. Doc. No. 19 at 7. In support of the Motion, WFB attaches: the affidavit of Benita Sheffield, its Litigation Support Manager, who attests to the facts set forth in the Complaint and the Motion; the affidavit of Amy S. Rubin, Esq., who attests to the reasonableness of the attorneys' fees and costs requested; detailed time sheets demonstrating the individual who performed each task, a description of the task, the number of hours expended; and a bill of costs showing the costs incurred. Doc. Nos. 19-3; 19-4; 19-5.

On July 6, 2012, the parties filed a Case Management Report, which states:

> All parties are in agreement that the Court should grant [WFB's Motion] and permit [WFB] to interplead the Disputed Proceeds into the Registry of this Court, and that [WFB] and/or its agents shall be discharged from any and all liability or responsibility concerning the Disputed Proceeds, the subject check, and/or bank accounts at issue in this action, and that [WFB] should be dismissed as a party to this action with prejudice at this time. With the exception of Robert Goepp and Heidi Goepp-Schurman, all parties also agree that [WFB] is entitled to an award of its reasonable attorneys' fees and costs incurred to date in this action, and that [WFB] should be entitled to recovery any attorneys' fees

4

> and costs award prior to interpleading the Disputed Proceeds into the Registry of the Court.

Doc. No. 61 at 1-2. All parties signed the Case Management Report. Thus, except for Robert Goepp and Heidi Goepp-Schurman, who object to any award of attorneys' fees and costs to WFB, all parties agree that the Motion should be granted. Doc. No. 61 at 1-2.

On that same day, WFB filed a Supplemental Motion for Attorneys' Fees in Connection with the Motion (the "Supplemental Motion"). Doc. No. 64. In the Supplemental Motion, WFB states that since the filing of the Motion, it has incurred an additional $7,846.50 in attorneys' fees. Doc. No. 64 at 3. Thus, the Supplemental Motion amends the Motion, to the extent WFB is now requesting a total of $18,582.00, representing $17,997.00 in attorneys' fees ($10,150.50 + $7,846.50), and $585.00 in costs. Doc. No. 64 at 3-4. In support of the Supplemental Motion, WFB attaches the affidavit of Amy Rubin, Esq. and detailed time sheets. Doc. Nos. 64-1; 64-2. In the Supplemental Motion's Local Rule 3.01(g) certificate, WFB states that all Claimants except for Robert Goepp and Heidi Goepp-Schurman have no objection to the additional attorneys' fees requested. Doc. No. 64 at 5.

On September 13, 2012, Robert Goepp and Heidi Goepp-Schurman filed a joint response to the Supplemental Motion. Doc. No. 75. In the joint response, they state that they have no objection to the Motion or the Supplemental Motion. Doc. No. 75 at 1. Therefore, the Motion and the Supplemental Motion are both unopposed.

## II.     ANALYSIS.

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by

5

asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). In *Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 Fed.Appx. 244, 248 (11th Cir. 2009) (unpublished), the Eleventh Circuit described the interpleader process:

> Interpleader action proceeds in two stages. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir.2009). At the first stage, the court determines whether interpleader is proper and "whether to discharge the stakeholder from further liability to the claimants." *Id*. At the second stage, the court evaluates "the respective rights of the claimants to the interpleaded funds." *Id*.
>
> Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund. Fed.R.Civ.P. 22(a)(1). "In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it," or more specifically, "that he has been or may be subjected to adverse claims." *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir.1974). When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested. *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641-42 (6th Cir.2007) (internal quotation marks omitted).

353 Fed.Appx. at 248.[2] Thus, at the first stage in an interpleader action, the Court determines whether interpleader is appropriate and whether to discharge the plaintiff from all further liability. Only thereafter will the Court determine the respective rights of the claimants. *Id*.

28 U.S.C. § 1335(a) provides that the district court has original jurisdiction over any interpleader action when a corporation has in its custody money or property in the amount of $500.00 or more and there are two or more adverse claimants of diverse citizenship who are claiming entitlement to the money or property. *Id*. 28 U.S.C. § 2361 provides that the district court, having jurisdiction under Section 1335, may issue an order restraining claimants from

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.

instituting, prosecuting, or continuing any other action relating to the property at issue, and may discharge the plaintiff, after depositing the funds into the registry of the Court, from any further liability. *Id.* Thus, based upon the undisputed facts, the Court has the jurisdiction and authority to grant the relief requested in the Motion. As set forth above, the Motion and Supplemental Motion are unopposed. *See* Doc. Nos. 61 at 1-2; 75. Accordingly, it is recommended that the Court find that WFB has sufficiently demonstrated that it is a disinterested stakeholder to the proceeds of the Check and there are two or more adverse claimants of diverse citizenship who claim entitlement to the proceeds.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 19);

2. **GRANT** the Supplemental Motion (Doc. No. 64);

3. Award WFB $18,582.00 in attorneys' fees and costs;

4. Direct WFB to deposit $488,080.28 ($506,662.28 - $18,582.00) into the registry of the Court;

5. Discharge WFB and/or its agents from any and all liability or responsibility concerning the Check, the accounts at issue, and/or the proceeds of the Check;

6. Restrain and/or enjoin Claimants from instituting, commencing, or maintaining any action against WFB and/or its agents relating to the Check, the accounts at issue, and/or the proceeds of the Check;

7. Dismiss WFB with prejudice **after** it deposits $488,080.28 into the registry of the Court;

8. Direct the Claimants to file their respective claims to the proceeds within fourteen

(14) days from the date of the Court's order; and

9. Direct answers to those claims within fourteen (14) days after they are filed.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection with the Court.

**RECOMMENDED** at Orlando, Florida on October 10, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties