**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WELLS FARGO BANK, N.A.,**

                    **Plaintiff,**

**-vs-**                                          Case No. 6:11-cv-1746-Orl-28GJK

**IRAIDA PINEIRO GOEPP, FRANCIS E.
PINEIRO GARCIA, ROBERT C. GOEPP,
individually and as Power of Attorney for
Iraida Pineiro Goepp, MYRA GOEPP, as
Power of Attorney for Iraida Pineiro Goepp,
HEIDI M. GOEPP-SCHURMAN, as Power of
Attorney for Iraida Pineiro Goepp, and JULIA
G. BENKOSKI, as Attorney Ad Litem for
Iraida Pineiro Goepp, DONALD F. CARNES,
as Guardian Ad Litem for Iraida Pineiro, and
FELIPE BRAVO-GARCIA,**

                    **Defendants.**
_____

### REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

    This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **WELLS FARGO BANK, N.A.'S MOTION FOR ATTORNEYS' FEES (Doc. No. 107)** |
| **FILED:** | **December 9, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.     BACKGROUND.

On February 20, 2012, pursuant to 28 U.S.C. § 1335, Wells Fargo Bank, N.A. ("WFB") filed an amended complaint for interpleader (the "Complaint") against Iraida Pineiro Goepp ("Iraida Pinero"), also known as Iraida Pineiro Garcia, Francis E. Pineiro Garcia ("Francis Pineiro"), Robert C. Goepp, individually and as Power of Attorney for Iraida Pineiro, Myra Goepp, as Power of Attorney for Iraida Pineiro, Heidi M. Goepp-Schurman, as Power of Attorney for Iraida Pineiro, Julia Benkoski, as Attorney Ad Litem for Iraida Pineiro, Donald F. Carnes, as Guardian Ad Litem for Iraida Pineiro, and Felipe Bravo-Garcia (collectively, the "Claimants").  Doc. No. 11.  On October 30, 2012, the Court entered an order granting WFB's motion for summary judgment and supplemental motion for attorneys' fees.  Doc. No. 77.  In the order, the Court awarded WFB reasonable attorneys' fees in the amount of $18,582.00 and directed WFB to deposit the remaining $488,080.28 of the funds at issue into the registry of the Court.  Doc. No. 77 at 2.  Thus, the Court has previously determined that WFB is entitled to reasonable attorneys' fees related to this matter.  *See* Doc. Nos. 76-77.

On June 13, 2013, the Court entered an order dispersing the $488,080.28 plus interest among pursuant to the terms of their settlement agreement.  Doc. No. 106.  On December 9, 2013, WFB filed a Motion to Reopen Case for Limited Purpose of Interpleading Remaining Proceeds In Accounts At Issue In Action (the "Motion").  Doc. No. 107.  In the Motion, WFB requested an order reopening the case in order to allow WFB to interplead an additional $1,889.80 remaining in the accounts at issues, and which the parties have been unable to agree upon the proper distribution.  Doc. No. 107.  WFB also requested $1,549.50 in reasonable attorneys' fees for bringing the Motion.  Doc. No. 107 at ¶¶ 12-13.

On December 20, 2013, Mr. Goepp filed his original response, objecting to both the additional interpleader of funds and any award of attorneys' fees. Doc. No. 108 (citing *In re Mandalay Shores Co-Op. Hous. Ass'n Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). On January 23, 2014, Robert C. Goepp filed a supplemental response stating that he has no objection to WFB's request to deposit the remaining $1,889.80 into the Court's registry, but Mr. Goepp objects to any award of attorneys' fees and costs. Doc. Nos. 108-09.  Mr. Goepp raises no particular objection to the reasonableness of the hourly rates requested or to the number of hours expended. Doc. No. 108-09. Instead, Mr. Goepp's only objection to WFB's request for an award of fees is to entitlement. Doc. Nos. 108-09. No other party filed an objection to the Motion.

On February 7, 2014, the Court entered an order granting the Motion to the extent WFB was permitted to reopen the case, interplead the remaining funds, and deposit $1,889.80 into the Court's registry. Doc. No. 110. To the extent the Motion requests attorneys' fees, the Court referred it to the undersigned for a report and recommendation. Doc. No. 110.

**II.     ANALYSIS.**

The Court has previously determined that WFB is a disinterested stakeholder. Doc. Nos. 77, 110. Normally, the disinterested stakeholder is permitted to seek an award of it reasonable attorneys' fees, which if awarded are taxed against the interpleader fund. *Prudential Insurance Company of America v. Boyd*, 781 F.2d 1494, 1497-98 (11th Cir. 1986). An exception to the general rule permitting an award of attorneys' fees is where the stakeholder's claim arises out of its usual course of business, such as insurance companies or banks who are acting as trustees. *In re Mandalay Shores Cooperative Housing Association, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). When a bank is acting merely as a depository, as is the case here, an award of attorneys' fees and

costs may be appropriate because "there is little expectation that a dispute as to ownership will arise." *Id*.

In this case, WFB is merely a depository and an award of reasonably attorneys' fees is warranted because the instant dispute did not arise out of WFB's normal course of business and when the accounts at issue were opened there was little expectation that a dispute as to ownership would arise. *Id*. Moreover, as is customary, the undersigned finds that the reasonable attorneys' fees awarded should be payable to WFB out of the remaining interpleader fund. *Boyd*, 781 F.2d at 1497-98.[1] Thus, it is recommended that the Court find that WFB is entitled to an award of reasonable attorneys' fees, payable out of the remaining interpleader fund.

With respect to the amount of reasonable attorneys' fees and costs, the undersigned finds that the Motion should be granted. In the Eleventh Circuit, reasonableness is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

To meet the burden of proving hourly reasonable rate, the moving party must produce

---

[1] Mr. Goepp argues that such an award is not appropriate in this case for two reasons: (1) there was no dispute about the ownership of the remaining funds at issue until WFB attempted to disburse it; (2) the award would greatly diminish the value to the remaining funds. Doc. No. 108 at 2. The undersigned finds Mr. Goepp's arguments unpersuasive. First, this Court has already determined that WFB is a disinterested stakeholder and there is clearly a dispute about ownership of the funds. Doc. Nos. 77, 110. Second, while the amount of additional fees requested ($1,549.50) does substantially deplete the remaining funds at issue ($1,889.80), those funds are in addition to the $488,080.28 the Court previously distributed. *See* Doc. No. 106. Thus, the total interpleader fund ($488,080.28 + $1,889.80) is not substantially depleted by the total award of attorneys' fees requested ($18,582.00 + $1,549.50).

4

"satisfactory evidence" that the hourly rate being requested is in line with "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Id.* at 1299. This Court may also "award attorney's fees based solely on affidavits in the record." *Id.* at 1303. In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *See Norman*, 836 F.2d at 1303; *Loranger*, 10 F.3d at 782.

A party opposing a fee application should submit objections and proof that are "specific and reasonably precise" concerning those hours that should be excluded. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). A fee opponent's failure to explain with specificity the particular hours he views as unnecessary or duplicative is generally fatal. *Gray v. Lockheed Aeronautical Systems Co.*, 125 F.3d 1387 (11th Cir. 1997). In this case, Mr. Goepp has failed to submit "specific and reasonably precise" objections with respect to the reasonableness of the hourly rates or number of hours requested. Doc. Nos. 108-109. In fact, Mr. Goepp does not argue, even in conclusory fashion, that the hourly rates and number of hours expended are unreasonable in any way. Doc. Nos. 108-109. On this basis alone, it is recommended that the Court **GRANT** the Motion to the extent it requests an award of $1,549.50 in attorneys' fees.

Nevertheless, the undersigned has reviewed the reasonableness of the hourly rates and number of hours requested. *See Norman*, 836 F.2d at 1303 (court is an expert in reasonableness of the hourly rates requested). As reflected in the chart below, WFB attached a detailed affidavit and time sheet in support of the amount of attorneys' fees requested, detailing the individual who performed each task, their hourly rate, the number of hours expended on each task. Doc. No.

5

107 at 15-21.

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Amy S. Rubin, Esq. | .5 | $395.00 | $197.50 |
| Elliot A. Hallak, Esq. | 5.2 | $260.00 | $1,352.00 |
| **TOTAL** | | | $1,549.50 |

Doc. No. 107 at 16, 18-21. The undersigned has carefully reviewed the number of hours expended, and finds they were reasonably incurred. *See* Doc. No. 107 at 18-21. Accordingly, it is recommended that the Court find the total number of hours are reasonable. Ms. Rubin has been practicing for over thirty (30) years, she is a member of the Florida Bar since 1985, and is a board certified by the Florida Bar as a specialist in civil trial and business litigation. Doc. No. 107 at 16. Mr. Hallak has been a member of the Florida bar since 2004. Doc. No. 107 at 16. Counsel entered into a contract with WFB for the hourly rates requested herein. *Id*. The amount a client agrees to pay their counsel is the best evidence of counsel's market rate. *See Dillard v. Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000). Accordingly, it is recommended that the Court find that the hourly rates requested are reasonable.

### III.   CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 107) to extent referred (*see* Doc. No. 110 at 1) as follows:

1. Award WFB reasonable attorneys' fees in the amount of $1,549.50, payable out remaining interpleader fund; and

2. Direct the Clerk to remit $1,549.50 of the remaining interpleader fund to

counsel for WFB.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection with the Court.

**RECOMMENDED** at Orlando, Florida on June 30, 2014.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties